NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TREVOR M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, T.C., T.C., *Appellees.*

No. 1 CA-JV 16-0187
FILED 12-6-2016

Appeal from the Superior Court in Mohave County
No. B8015JD201404066
The Honorable Rick A. Williams, Judge

**REVERSED AND REMANDED**

COUNSEL

Law Offices of Harriette P. Levitt, Tucson
By Harriette P. Levitt
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Donn Kessler joined.

---

**O R O Z C O**, Judge:

**¶1**        Trevor M. (Father) appeals the court's termination of his parental rights to T.C. and Ty.C. (the children).  On appeal, Father argues that (1) he was not provided adequate reunification services and (2) the court abused its discretion in finding Father's incarceration as grounds for severance.  The Arizona Department of Child Safety (DCS) responded, and agreed the juvenile court erred in terminating Father's rights based on length of sentence.  DCS requests this court "reverse the termination order and remand to the juvenile court for further proceedings."  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and the Arizona Revised Statutes (A.R.S.) sections 8-235.A, 12-120.21.A.1 and -2101.A (West 2016).[1]

**¶2**        Under A.R.S. § 8-533.B.4, a parent's rights can be terminated when the parent "*is* deprived of civil liberties due to conviction of a felony" and the length of the sentence is such "that the child *will be* deprived of a normal home for a period of years."  (Emphasis added.).  There is no "bright line" definition of the length of time required to deprive a child of a normal home, *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 29 (2000); however, the utilization of present tense language in the statute requires a parent to be deprived of civil liberties, depriving the child of a normal home, *at the time of severance.  See State v. Gomez*, 212 Ariz. 55, 61, ¶ 35 (2006).

**¶3**        At the time dependency proceedings were initiated, Father was incarcerated.  DCS later moved for termination of Father's rights in September 2015, alleging length of incarceration as the exclusive grounds for severance.  Father was released from custody on March 24, 2016 and a contested severance hearing was held on April 8, 2016.  Father appeared and testified on his own behalf.  The court interpreted *Michael J.* to allow it to sever parental rights based solely on length of incarceration, even if the

---

[1]        We cite to the current version of applicable statutes absent any change material to this decision.

parent facing severance has been released from custody. We disagree that A.R.S. § 8-533.B.4 permits severance when, as here, the parent has been released from custody, and there are no other grounds for severance alleged.

**¶4** Because there is no evidence to sustain the court's ground for severance, we need not review the adequacy of services offered to Father. We reverse the court's determination and remand for further proceedings consistent with this decision.

